ACTION of replevin of goods distrained for rent in arrear. The counsel for the defendants had withdrawn all the pleas in the case except the avowry and conusance, to which the general replication was entered, and that in this state of the pleadings and the issue presented by them the burden of proving to the satisfaction of the jury that he had rightfully distrained the goods for the rent demanded, which was the only question now involved in the case, rested upon the defendant, and claimed that it gave him the right to the opening and conclusion of the case in the trial of it before the court and jury.
Bird for the defendant contended to the contrary.
But The Court held that the defendants under the issues joined were entitled to the opening and conclusion, Comegys,
C. J. citing 2 Greenl. Ev., §§ 564, 565, 566.
Nields for the plaintiff. The claim is for a balance of rent to the amount of three hundred and fifty-six dollars and twenty-four cents The whole rent for the year was five hundred and eight dollars and eight cents.
The witness to the lease proved the execution of it and a settlement in writing between the parties on the 30th of April, 1878, showing a balance to be due for the annual rent payable on the 25th of March in that year of three hundred and fifty-six dollars and twenty-four cents; and there rested.
Bird objected that there had been no proof submitted of the distress, and there was no record of it in this court. He also *Page 359 
offered in evidence a receipt for a payment by Delaplaine, the defendant, to Jackson, the plaintiff, of ninety dollars, but not stating that it was for or on account of rent, and although the day of the month on which it was written was stated in it, the year was omitted, which was objected to, and, after argument,
The Court held that it might be proved aliunde in what year the payment of that sum had been made, and also that possibly there had been no other indebtedness of Delaplaine to Jackson, but for the rent, to go as evidence to the jury for what they might consider it worth, and charged the jury that by a general avowry the defendants admitted the taking of the goods under a distress for rent in arrear, but which under the statute could not include a claim for rent for more or a longer time than two years before the distress was made, and after briefly stating the evidence on both sides, left it to the decision of the jury upon the evidence submitted to them in the case.
The plaintiff had a verdict for six cents damages.